UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

CIVIL ACTION NO. 13-324-HRW-CJS

CRAIG ROGERS                     PETITIONER

v.   **REPORT AND RECOMMENDATION**

**DON BOTTOM, Warden**
**Northpoint Training Center**                RESPONDENT

\* \* \* \* \* \* \* \* \* \*

Petitioner Craig Rogers, an inmate currently incarcerated at Northpoint Training Center, Burgin, Kentucky, has filed a *pro se* Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (*See* R. 1). But the record reveals that this Petition is a second or successive § 2254 Petition. Therefore, it will be recommended that this Petition be **transferred** to the Sixth Circuit pursuant to 28 U.S.C. § 1631. *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (holding that a district court should transfer to the Sixth Circuit a second or successive habeas petition filed directly with a district court). It will further be recommended that Respondent's Motion to Dismiss (R. 13) be **denied as moot.**

**I. FACTUAL AND PROCEDURAL BACKGROUND**

On August 31, 2004, Petitioner Craig Rogers was sentenced by the Calloway County, Kentucky, Circuit Court to a twenty-year term of imprisonment after he entered a plea of guilty to sodomy in the first degree. (R. 1, at 1); *Rogers v. Commonwealth*, No. 2005-CA-000901-MR, 2006 WL 2033953, at \*1 (Ky. Ct. App. July 21, 2006). Petitioner did not file a direct appeal. (R. 1, at 1). On January 19, 2005, Petitioner filed a Motion to Alter, Amend, or Vacate his Sentence pursuant to

Kentucky Rule of Criminal Procedure (RCr) 11.42. (R. 13-2, at 2). The state circuit court denied Petitioner's RCr 11.42 Motion, which denial was affirmed by the Kentucky Court of Appeals on July 21, 2006. *Rogers,* 2006 WL 2033953, at *1. Petitioner did not file a motion for discretionary review to the Kentucky Supreme Court.

On May 31, 2007, Petitioner filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 in the Eastern District of Kentucky, which Petition was transferred to the Western District of Kentucky. (R. 13-2, at 3); *see also Rogers v. Haney,* No. 5:07-cv-104-TBR-WDK (W.D. Ky.). On January 28, 2008, that § 2254 Petition was dismissed as time-barred. (R. 13-2). Rogers appealed to the Sixth Circuit Court of Appeals, and on July 8, 2008, the Sixth Circuit affirmed the district court's dismissal. (R. 13-2, at 7).

On September 26, 2013, Petitioner filed with this Court a second *pro se* Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. (R. 1).[1] In addition to his § 2254 Petition, Petitioner filed a Motion to Proceed *In Forma Pauperis*. (R. 2). On October 1, 2013, the Court ordered Petitioner to pay the $5.00 filing fee, which was paid on October 24, 2013. (R. 4; R. 5). On preliminary review of this latest Petition, the Court was unable to calculate precisely the date his state court conviction became final or whether the limitations period was tolled due to a properly filed state post-conviction petition or motion. (R. 6, at 3). The Court did note that the § 2254 Petition appeared to be time-barred by the applicable statute of limitations. (*Id.*). Accordingly, the Court ordered Petitioner to show cause why his Petition should not be dismissed as untimely. (*Id*. at 4). On

---

[1]The Petition form completed by Petitioner asks if any state or federal petitions or motions have been filed with respect to the state judgment. Petitioner responded to this question by noting he had filed a state habeas corpus motion in the Boyle Circuit Court. (R. 1, at 2). Petitioner failed to note his previous federal Petition filing that was dismissed by the Western District of Kentucky as being untimely filed.

November 21, 2013, Petitioner appealed the Court's Show Cause Order. (R. 7). The Sixth Circuit dismissed his appeal for lack of jurisdiction on January 17, 2014. (R. 11).

In the meantime, Petitioner filed his Response to the Court's Show Cause Order on November 21, 2013. (R. 8). Thereafter, the Court ordered Respondent to respond to the Petition, addressing only the issues regarding the statute of limitations and equitable tolling. (R. 9). On February 20, 2014, the Respondent filed a Motion to Dismiss (R. 13), pointing out the successive nature of Petitioner's current filing. On March 25, 2014, Petitioner filed his Response (R. 15). The Court has all relevant documents before it, and the matter is now ripe for consideration and preparation of a Report and Recommendation pursuant to 28 U.S.C. § 636(b).

## II. ANALYSIS

As a threshold matter, the Court must consider whether it has jurisdiction to address the Petition. In the instant case, Petitioner already filed one § 2254 Petition on May 31, 2007. *See Rogers v. Haney,* No. 5:07-cv-104-TBR-WDK (W.D. Ky.) docket entry no. 8, part 4. The Antiterrorism and Effective Death Penalty Act (AEDPA) prohibits the filing of a second or successive § 2254 motion without authorization from the appropriate circuit court of appeals, here the Sixth Circuit. *See* 28 U.S.C. § 2244(b)(3)(A); *see also* Rule 9, Rules Governing Section 2254 Cases in the United States District Courts. When a prisoner files a second or successive petition for habeas corpus relief in the district court without authorization from the Sixth Circuit, the district court is required to transfer the filing to the Sixth Circuit pursuant to 28 U.S.C. § 1631. *In re Sims*, 111 F.3d at 47.

Petitioner's instant Petition sets forth new claims not raised in his prior Petition. He challenges his same state court conviction on several constitutional grounds, arguing his conviction

was obtained by use of evidence discovered pursuant to an unconstitutional search and seizure and unlawful arrest; his right against self-incrimination was violated; he was subjected to double jeopardy; the prosecution failed to disclose evidence that was favorable to Petitioner; and he received ineffective assistance of counsel as it relates to the selection and impanelment of the grand jury as being unconstitutional.[2] (R. 1, at 4-5).

Petitioner does not allege that there has been an intervening judgment since his first § 2254 Petition. *See Magwood v. Patterson*, 561 U.S. 320, 339 (2010). Instead, Petitioner challenges the same state court Judgment in both his previously-filed Petition and this current Petition. The instant Petition is deemed "second or successive" because petitioner raised new claims, but has failed to show that his claims rely upon a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court, or that the factual predicate of his claims was not previously discoverable through the exercise of due diligence. *See* 28 U.S.C. § 2244(b)(2); *In re Siggers,* 132 F.3d 333, 336 (6th Cir. 1997). Therefore, the instant Petition is a second or successive petition within the meaning of 28 U.S.C. § 2244(b), and this Court lacks jurisdiction to consider it without Petitioner first obtaining authorization from the Sixth Circuit. *See Burton v. Stewart*, 549 U.S. 147, 153 (2007).

### III. CONCLUSION AND RECOMMENDATION

Accordingly, for the reasons stated herein, **IT IS RECOMMENDED** as follows:

---

[2]His previous Petition asserted two ineffective assistance of counsel claims--that trial counsel was ineffective for failing to investigate a mental health defense and for misadvising Petitioner about his parole eligibility. *See Rogers v. Haney*, No. 5:07-cv-104-TBR-WDK (W.D. Ky.) docket entry no. 8, part 4.

(1) Petitioner's § 2254 Petition be transferred to the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631, for a determination of whether the Petitioner will be granted authorization to file a second or successive habeas petition; and,

(2) Respondent's Motion to Dismiss (R. 13) be **denied as moot.**

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Report and Recommendation, issued under subsection (B) of the statute. *See also* Rules Governing Section 2254 Cases in the United States District Courts, Rule 8(b). Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file specific written objections to any or all findings or recommendations for determination, de novo, by the District Court. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn,* 474 U.S. 140, 155 (1985); *United States v. Walters,* 638 F.2d 947, 950 (6th Cir. 1981).

Dated this 11th day of August, 2014.



**Signed By:**
*Candace J. Smith*
**United States Magistrate Judge**

G:\DATA\habeas petitions\successive petitions\13-324 Rogers successive petition.wpd

5